SO ORDERED.

SIGNED this 22 day of October, 2025.



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBERS<br>21-01840-5-DMW and |
| DEJA RODNIQUE JARREL WILLIAMS | 22-01251-5-DMW |
| DEBTOR | CHAPTER 13 |

## ORDER IMPOSING SANCTIONS AGAINST DEBTOR

This matter comes before the court upon the August 4, 2025 Order to Appear and Show Cause, requiring Deja Rodnique Jarrel Williams ("Debtor") to appear before the court to explain her apparent fabrication of an Order of this court,[1] and why sanctions should not be imposed against her. The court conducted a hearing in Raleigh, North Carolina on August 20, 2025. The Debtor appeared *pro* se, and Kirstin Gardner, Esq. appeared for the United States Bankruptcy Administrator. Upon a review of the case dockets and consideration of the evidence presented, the court makes the following findings of fact and conclusions of law:

1.   This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this

---

[1] The Order ("Fabricated Order") that is the subject of this hearing is attached to this Order.

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a Chapter 13 case, Case Number 21-01840-5-DMW, on August 16, 2021, and the court dismissed that case on January 5, 2022, because the Debtor failed to make payments under her proposed Chapter 13 Plan. The court reopened the case on August 1, 2025 to consider the current matter.

3. The Debtor also filed a Chapter 13 case, Case Number 22-01251-5-DMW, on June 9, 2022, and the court automatically dismissed that case on July 26, 2022 pursuant to 11 U.S.C. § 521(i), because the Debtor failed to provide documents required by 11 U.S.C. § 521(a). The court reopened the case on August 1, 2025 to consider the current matter.

4. On behalf of Hairoin Inc ("Hairoin"),[2] the Debtor filed a *pro se* Chapter 11 petition on February 27, 2025, and that case was dismissed on March 17, 2025, because Hairoin failed to obtain counsel, failed to pay the filing fee and failed to file documents required by 11 U.S.C. § 521(a).

5. Upon examination by Ms. Gardner, the Debtor testified that she obtained the Fabricated Order using the Fiverr iPhone application. She asked if the graphic designer "marketplace" could create a letter stating that the bankruptcies "did not belong to [her]." She believed that the vendor, obtained through the Fiverr marketplace and who created the Fabricated Order, was located in Pakistan. She paid $15.00 for the Fabricated Order and received it within a day.

---

[2] Hairoin operates or formerly operated a hair salon. The Debtor identified herself as President of Hairoin on its bankruptcy petition.

6. The purpose of obtaining the Fabricated Order was to facilitate the lease of a commercial property to be used for a hair salon.[3] After the leasing agent, Jessica Inman of Venterra Realty, reviewed the Debtor's credit report that included the prior bankruptcy filings, the Debtor attempted to explain that the court had dismissed the bankruptcy cases; however, according to the Debtor, Ms. Inman could not lease the commercial property to the Debtor (or her entity) because of the bankruptcies appearing on the Debtor's credit report.

7. After receiving the Fabricated Order, the Debtor tendered the Fabricated Order to Ms. Inman who would not accept the Fabricated Order, because, according to the Debtor's testimony, that document could not be "validated."

8. The Debtor, who holds degrees in Chemistry and Public Health from the University of North Carolina at Greensboro and North Carolina Central University, admitted that she knew the Fabricated Order was not authentic, and she intended to use the Fabricated Order to obtain the commercial lease.

9. This court has previously dealt with similar violations. In *In re Wilds*, the debtor, in a closed Chapter 7 case, undertook to change the language in the filed Discharge of Debtor. *In re Wilds*, No. 15-00040-5-DMW (Bankr. E.D.N.C. June 21, 2016). Ms. Wilds changed the caption of the document to "Reopening of Debtor" along with other modifications to the official Order; however, the name and the signature block of the presiding judge were not altered. *Id.* In addition, Ms. Wilds prepared a letter to accompany the modified Order and copied, scanned or forged the signature of her attorney's staff member with other corroborating details on the attorney's letterhead. *Id.* The purpose, according to Ms. Wilds, was to gain leverage in a pending domestic action with her ex-spouse. *Id.* The court revoked Ms. Wilds' discharge and referred her case to

---

[3] It is unknown if the hair salon was Hairoin.

3

the United States Attorney for criminal prosecution for violations of 18 U.S.C. § 157, 505 or other statutes. *Id.*; *In re Wilds*, No. 15-00040-5-JNC (Bankr. E.D.N.C. Apr. 11, 2017). The United States District Court sentenced Ms. Wilds to probation for three years with the first ninety days to be served on house arrest. *United States v. Wilds*, No 5:17-CR-343-1-D (E.D.N.C. Aug. 1, 2018).

10. In *In re Purdy*, Ms. Purdy created a letterhead template bearing the Chapter 13 trustee's office and description and forged the trustee's signature evidencing permission by the trustee for the Purdys to incur mortgage debt to purchase residential property. *In re Purdy*, No. 19-04614-5-DMW, 2023 WL 2938052 (Bankr. E.D.N.C. Apr. 13, 2023), *aff'd sub nom. Purdy v. Burnett*, 772 F. Supp. 3d 662 (E.D.N.C. 2023), *aff'd*, No. 23-2283, 2025 WL 1513606 (4th Cir. May 28, 2025). Ms. Purdy took these actions after the court had rejected that request during her Chapter 13 case. *Id.* The court dismissed the Purdys' case with a five-year bar on refiling for Mr. Purdy and a ten-year bar on refiling for Ms. Purdy. *In re Purdy*, No. 19-04614-5-DMW, (Bankr. E.D.N.C. Mar. 21, 2023). On appeal the United States District Court affirmed the dismissal, and upon further appeal the United States Court of Appeals affirmed the order from the United States District Court. In addition, Ms. Purdy was sentenced to two months in prison followed by probation of three years. *United States v. Purdy*, No. 5:24-CR-133-1D (E.D.N.C. Aug. 20, 2024).

11. Although the Debtor expressed sincere remorse for her premediated actions, the court can hardly distinguish the facts in the instant case from *Wilds* and *Purdy*. The Debtor's actions taken for personal monetary gain, regardless of the circumstances, cannot be condoned by the court.

12. Under the circumstances of this case, a substantial temporal bar on filing subsequent petitions is appropriate. After three unsuccessful attempts at reorganization of her personal and business affairs, the Debtor resorted to fraudulent activity to improve her chances of

obtaining a commercial lease. If not for Ms. Inman's inquisitive nature, the fraud may have been successful. The court recognizes the Debtor's appearance before the court and her apology, but as cited in this Order, other parties committing similar fraud have received severe sanctions.

13.     The sanction for the Debtor's actions will be a five-year bar to any future bankruptcy filing by the Debtor, personally or on behalf of any entity in which the Debtor has an affiliation or ownership interest, and a $1,500.00 civil fine to be paid to the Clerk of the United States Bankruptcy Court for the cost of processing this matter.

14.     Even if the prohibition on filing subsequent petitions constitutes a sanction that should be analyzed generally under the objective "no fair ground of doubt" standard of *Taggart v. Lorenzen*, 587 U.S. 554 (2019), the Debtor had no objectively reasonable basis to believe that her obtaining the Fabricated Order was permissible in any way.

15.     This matter will be referred to the United States Attorney for consideration of prosecution for any violation of federal law that may have occurred by the Debtor; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1.     The Debtor be, and hereby is, barred from filing a petition under any chapter of the United States Bankruptcy Code in any federal district, either personally or on behalf of any entity in which the Debtor has an affiliation or ownership interest, for a period of five years from the date of this Order;

2.     The Debtor shall pay to the Clerk of the United States Bankruptcy Court a civil fine of $1,500.00 within thirty days of the date of this Order;[4] and

---

[4] Upon an appropriate motion, the court will consider additional time for the Debtor to pay this fine.

3. The Clerk of the United States Bankruptcy Court is requested to forward a copy of this Order to the United States Attorney for consideration of prosecution for any violation of federal law that the Debtor may have committed.

END OF DOCUMENT

**SO ORDERED.**

**SIGNED this 29 day of May 2025**



_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| IN RE: | CASE NO. 22-01251-5-DMW |
|---|---|
| | 21-01840-0-DMW |
| **DEJA RODNIQUE JARREL WILLIAMS** | **CHAPTER 13** |
| **DEBTOR** | |

## ORDER VACATING BANKRUPTCY AS FILED IN ERROR OR FRAUDULENTLY

This matter having come before the Court upon motion of the debtor, and the Court having reviewed the pleadings, evidence, and arguments presented, and having determined that the Chapter13 petition was filed:

Without the debtor's knowledge, consent, or authorization, Or as a result of fraud or clerical error, AND THE COURT FINDING good cause exists under Rule 9024 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 60(b) to vacate the filing,

IT IS HEREBY ORDERED: The Chapter 13 bankruptcy petition filed in this case on [08/16/2021, 06/09/2022] is hereby declared void ab initio and is VACATED in its entirety. This case shall be treated as if it were never filed, and any record of the filing shall be corrected accordingly. The Clerk is directed to update the docket and records of the Court to reflect that this case was filed in error/fraudulently and has been vacated by order of the Court. The debtor and/or their authorized representative may provide this Order to credit reporting agencies or other interested parties for the purpose of correcting any public records or credit information that may have been impacted by the erroneous filing.

**END OF DOCUMENT**